COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



**ORDER**

Cause No 01-12-00704-CV; *In re Tammy Fountain*, Relator

Original Proceeding on Petition for Writ of Habeas Corpus from *Order Revoking Suspension and for Commitment to County Jail*, Cause No. 2010-31997, in the 309th District Court of Harris County, Texas.

Relator Tammy Fountain was found in contempt of the trial court's orders in an order dated May 24, 2012. Fountain filed this original habeas corpus proceeding, and we ordered her released on bail pending resolution of the proceeding. Finding no error in the trial court's contempt finding, this court denied habeas corpus relief with written opinions issued on December 28, 2012.

On January 2, Fountain filed a motion for rehearing, in which she belatedly informed the court of a rule 11 agreement between the parties in their ongoing proceeding in the family court, dated December 12, 2012. The agreement concerned various matters including: details about scheduling possession of a child during holidays; details about supervision, upbringing, and medical care of the child; a dispute resolution procedure; and payment of attorney's fees. In addition, the specific portions of the agreement that relate to the habeas corpus proceeding filed in this court are as follows:

> 13. This agreement is to temporary orders with a status conference in June 2013 except # 11, 12, 14, which will be part of a final order.

> 14. The current enforcement shall be dismissed with prejudice. Ms. Katcher shall inform the Court of Appeals she no longer opposes the pet. for habeas corpus.

Katcher responded to the motion for rehearing, offering the explanation that "The intent of the parties as reflected in the agreement was that they would perform under the agreement for a 6-month period — until June 2013 — at which time they would attend a status conference in the trial court to obtain a final order." Katcher

1

requested that we abate the proceeding until July 1, 2013 to permit the parties to effectuate their agreement. We granted the request for abatement and ordered the parties to file a status report or a motion to dismiss by July 1, 2013. We also ordered the parties to timely notify the court of all events affecting the status of the case.

Katcher filed a status report on July 1, 2013, informing the court that a status conference has been set for July 2, 2013 and that Fountain filed a motion for continuance to hire another attorney. We requested than a further update be provided within three days of any further status conference, specifically requesting updates about (a) any request that the trial court enter a final order as referenced in paragraph 13 of the parties' rule 11 agreement dated December 12, 2012, (b) any dismissal of Katcher's enforcement petition with prejudice as referenced in paragraph 14 of the agreement, (c) any other developments that may have mooted this original proceeding, and (d) any reason why this original proceeding should not be reinstated.

Neither party filed the requested report within three days of the hearing. Over thirty days later, on August 9, Katcher filed another status report, informing us that:

> A status conference was held on July 2, 2013. At that status conference, at which testimony was taken from MS. FOUNTAIN, the trial judge ordered temporary custody to KATHY KATCHER and a psychological evaluation to be performed on MS. FOUNTAIN. No further action will be taken until there is at least a preliminary report from Dr. Ed Silverman, who is performing the evaluation. This preliminary report was to have been made by August 14 at the latest; however, Dr. Silverman has notified the parties that he cannot meet that deadline. The status conference was recessed until August 14, 2013; given Dr. Silverman's inability to provide a report by that date, it is likely it will again be recessed.

Fountain filed her own status report on August 21. In response to the specific inquiries in our July 2 order, it advised

a. "the trial court has not been requested to enter a final order as referenced in paragraph 13 of the parties' rule 11 agreement dated December 12, 2012. The issue is awaiting a judge/attorney conference."
b. "Katcher has not dismissed her enforcement petition with prejudice as referenced in paragraph of the parties' rule 11 agreement dated December 3 12, 2012 because the parties are awaiting the judicial conference."
c. She contends that the original proceeding is not moot "at this time."
d. She further contended, "This case should not be reinstated on the court's active docket as the agreement has not been entered, perfected, or set aside. The parties are awaiting the pleasure of the Court, who is addressing the best interest of the child's issues at this point."

It is the internal operating procedure of this court to attempt to resolve motions for rehearing within 30 days. Nevertheless an abatement was ordered, at Katcher's request, to allow the parties six months to implement their agreement which contemplated a resolution by June 2013. Now nearly nine months after our original opinions, there still is no apparent resolution. The abatement cannot continue indefinitely and the parties have not given us any indication that the matter will be concluded within short order.

It bears reiteration that this original proceeding was filed well over a year ago, in May 2012, to challenge the revocation of the suspension of an order committing Fountain to a 60-day jail term. Fountain did not remain incarcerated pending our consideration of the habeas corpus petition, and no party has indicated that she was jailed at any time after this court declined to order habeas corpus relief. Moreover, this court's resolution of the habeas corpus proceeding does not preclude the parties from conducting further proceedings before the trial court with respect to the contempt finding, including presenting for that court's consideration whatever agreements the parties may reach concerning their dispute. But in any case, the pending motion for rehearing notwithstanding, this court cannot be bound by any agreement by the parties as to the granting of habeas corpus relief. Likewise, the fact that we found no error in the trial court's order does not preclude the trial court from implementing the parties' agreements with respect to the contempt finding.

3

In light of the foregoing, we lift our prior order of abatement, and we direct the Clerk of the court to reinstate the case on the court's docket. Any further submission relating to the pending motion for rehearing should be filed no later than Tuesday, October 1.

It is so ORDERED.


Judge's signature: /s/ Michael Massengale
                        Justice Massengale, Acting for the Court

Panel consists of Justices Keyes, Massengale, and Brown


Date: September 24, 2013

4